Ruffin, Chief Justice.
The defendant contends that,upon the death of the mother, the whole estate in the premises vested absolutely in James for two reasons: The one that the testator did not intend to include the premises in the limitation over to the survivors: The other, that if he did so intend ¡ the limitation over is too remote.
The expression “ his or her part,” is broad enough in its obvious signification to cover every thing bestowed on each child by the will, and must be so understood, unless controlled by the words or apparent intent of other parts of the instrument. We have looked through it, and do not find anything to restrain the operation of the expression to any particular portion of “ the part” of the testator’s estate given to his children respectively; but on the contrary, it seems to have been used in an unrestricted sense. The testator had four sons and one daughter. By the three first clauses of his will he disposes of his real estate, giving a particular tract to his eldest son, and the residue to his wife and three other sons, equally to be divided between them. Then the fourth clause', in the first place, gives the negroes and all the *440 personal estate to the wife and the five children, to be equally between them; and in the next place, gives to James, upon the death of his mother, the land and ne-croes given to her. Then in the same clause is irnmediate- . . , , , , ly added, as it were by way of proviso to the whole, that upon the death of either of the children, his or her pari shall go to the survivors. This ends the instrument; and shews that no positive equality between the children was intended, as the daughter, for instance, comes in for a share of the land of a brother dying childless, although the will gives her no original share of land to which the brothers would succeed upon her death. Besides, following as this provision does, so immediately after the gift ofthe remainder to James, there would have been some plain indication of the intention to exclude that remainder from its operation, if such an intention had existed.
The case of "sjiaiglii, i Eepos'Tii approved.
Upon the second point, our opinion is also against the defendant. We do not, indeed, recollect that any will has been before the Court in which real estate was given over to “ a survivor,” upon the death of the first taker, without issue or heir of the body. But although there may have been no direct determination as to the effect of that phrase, we have a principle established by adjudication upon cogent reasoning, which covers this case and sustains the limitation. It is admitted that in England these words'would undoubtedly create an estate tail, and therefore import an indefinite failure of issue. But they there receive a different construction in dispositions of personalty, and the term “ survivor” ties up the failure of issue to the life of one then in being. Hughes v. Sayer. 1 Pr. Wms., 534., Nichols v. Skinner, Prec. in Chan. 528. Now, in Jones v. Spaight, 1 Car. Law Repos. 544, it was contrar7 t0 ^ie ru^e) as ifc nay called, of Forth & Chapman, that a devise over of land upon the death of the first taker “ without leaving issue,” was good. It was so held, because the reason for taking those words in an artificial and technical sense, in regard to land, did not exist here since the abolition of entails, more than in regard to chattels. Therefore, in a devise of land, we must receive them in their natural sense, as they had before been received *441 ought'that of realty also. in both countries in personal bequests. The principle Jones v. Spaight is, that since 1784, executory limitations of land and chattels are to be construed alike, upon the . . , . sumption that the intention of the testator is3 that m case, the estate should go over on the same event; and as the limitation over of chattels on that event is sustained, so 7 That principle is decisive of this CaSe.
tbo 1784, (see 1 liev. 43, converting1 ?sta,es f®11 mto estates in fee sim-pie, execu-tory limita-chattels are eti intention that in each case, the estate should go over on U»€T same event*
It may also be noticed, that although in this State there been no case turning on the word “ survivor,” yet the point is not new in this country. In New York it is settled, “ leaving,” “survivor,” and the like, are to be understood alike when applied to both kinds of property; and that, for the same reasons which were assigned in Jones & Spaight. Fosdick v. Cornell, 1 John Rep. 439, Anderson v. Jackson, 16 John Rep. 381.
Per Curiam. Judgment affirmed.